**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRIAN NOVAK, SR.** ) | |
| ) | |
| **Plaintiff** ) | **Case Number:** |
| ) | |
| **vs.** ) | |
| ) | **CIVIL COMPLAINT** |
| **RCO LEGAL, P.S.** ) | |
| **&** ) | |
| **WHATCOM EDUCATIONAL** ) | |
| **CREDIT UNION (WECU)** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendants** ) | |

**COMPLAINT AND JURY DEMAND**

    **COMES NOW**, Plaintiff, Brian Novak, Sr., by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, PC, complaining of Defendant, and respectfully avers as follows:

**I.  INTRODUCTORY STATEMENT**

    1.    Plaintiff, Brian Novak, Sr., is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant, RCO, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (ðFDCPAö), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as against Defendant, WECU for Invasion of Privacy by Intrusion into Private Affairs.

**II.  JURISDICTION**

    2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.     Venue in this District is proper in that Plaintiff resides in this district.

### III.  PARTIES

4.     Plaintiff, Brian Novak, Sr., (hereafter, Plaintiff) is an adult natural person residing in Deptford, New Jersey.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, RCO Legal, P.S. (hereafter, Defendant, RCO), at all times relevant hereto, is and was a professional service engaged in the business of collecting debt within but not limited to the State of New Jersey and the State of Washington, with a primary location at 13555 SE 36th Street, Suite 300, Bellevue, WA 98006.

6.     Defendant, Whatcom Educational Credit Union (hereafter, Defendant, WECU), at all times relevant hereto, is and was a non-profit financial cooperative engaged in the business of lending money and collecting on said loans with a primary location 600 E Holly St, Bellingham, WA 98225.

7.     Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendants are "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

8.     In July, 2006, Plaintiff's son, Brian, Jr. purchased a car from Jerry Chambers Chevrolet in Washington State.

9.     Plaintiff's son failed to make payments as agreed on this vehicle.

10.     In or around September, 2012, Defendant, WECU, commenced collection efforts on referenced account.

11.     Plaintiff and his son are estranged.

12.     Plaintiff did not sign a loan application, and had no knowledge of this purchase.

13.     At no time, has the Plaintiff maintained ownership, use or possession of this alleged vehicle.

14.     However, both Defendants are actively attempting to collect on this alleged debt from the Plaintiff.

15.     Plaintiff both now and at the time of said purchase lived and worked in the State of New Jersey.  **See Exhibit "A" (time card) attached hereto**.

16.     Plaintiff has never lived in the State of Washington.

17.     Defendant, RCO, is not licensed to transact business in the State of New Jersey.

18.     Defendant, WECU, is not licensed to transact business in the State of New Jersey.

19.     Furthering their lack of jurisdiction, Defendant, RCO, has now brought legal action against the Plaintiff in a State where he does not reside.

20.     On or about May 23, 2013, Defendant, RCO, continued their harassment by threatening the Plaintiff with criminal action in an attempt to collect on this debt after it was proven that he was not in the State of Washington at the time the alleged contract was formed.

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

22.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23.     The Defendant and their agent's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

24.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

25.     Defendant, RCO, knew or should have known that their actions violated the FDCPA.  Additionally, Defendant, RCO, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26.     At all times pertinent hereto, the Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

27.     At all times pertinent hereto, the conduct of the Defendants, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28.     As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

*Plaintiff v. RCO*

29.     The above paragraphs are hereby incorporated herein by reference.

30.     At all times relevant hereto, Defendant, RCO, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692d:          Any conduct the natural consequence of which is to harass, oppress, or abuse any person

§§ 1692e:          Any other false, deceptive, or misleading representation or means in connection with the debt collection

§§ 1692e(5):       Threaten to take any action that cannot be taken or that is not intended to be taken

§§ 1692e(7):       Consumer committed a crime or other conduct in order to disgrace the consumer

§§ 1692e(10):      Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692e(12):      Debt has been turned over to innocent purchaser for value

§§ 1692f:          Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§§ 1692i(a)(2):    Brought any legal action in a location where the consumer does not reside

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, RCO, for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorneys fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

*Plaintiff v. RCO & WECU*

32.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

33.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as,

"One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

highly offensive to a reasonable person."

34.     New Jersey further recognizes the Plaintiffs right to be free from invasions of

privacy, thus the Defendants violated New Jersey state law.

35.     The Defendant intentionally intruded upon the Plaintiffs right to privacy by

continually harassing the Plaintiff with numerous calls and contact.

36.     The conduct of the Defendants in engaging in the illegal collection activities

resulted in multiple invasions of privacy in such a way as would be considered highly offensive

to a reasonable person.

37.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual

damages in an amount to be determined at trial from the Defendants.

38.    All acts of the Defendants were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants, and Order the following relief:

a.    Actual damages;

b.    Statutory damages;

c.    Reasonable attorney's fees and costs of suit and

d.    Treble damages.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN LAW GROUP, PC**

Date:  **August 8, 2013**        **BY:  _/s/ Bruce K. Warren_**
                                  Bruce K. Warren, Esquire

                                  Warren Law Group, PC
                                  58 Euclid Street
                                  Woodbury, NJ 08096
                                  P: (856)848-4572
                                  F: (856)324-9081
                                  Attorney for Plaintiff
                                  bruce@warren-lawfirm.com